(80 P.3d 1179)
Nos. 89,893
90,248

JAMES E. KILEY, JR., *Appellant*, v. PETSMART, INC., *Appellee*.

Opinion filed December 24, 2003.

*James E. Kiley, Jr.*, of Kiley, Wiesner & Frackowiak, L.L.P., of Overland Park, appellant pro se.

*Michael J. Abrams*, of Lathrop & Gage, L.C., of Kansas City, Missouri, for the appellee.

Before MARQUARDT, P.J., LEWIS, J., and LARSON, S.J.

LEWIS, J.: This case involves the sale and purchase of an electric dog fence. The trial court ruled primarily in favor of defendant Petsmart, Inc., and plaintiff James E. Kiley, Jr., appeals.

In May 2000, plaintiff purchased an electric dog fence from defendant's store in Overland Park. He paid the list price of $299.99 for the fence, plus sales tax, for a total of $320.99.

Plaintiff left the store with the new fence and went home and began unpacking the box. From all appearances, the box appeared to be new and unused from the outside. However, as the box was opened, plaintiff noticed some pieces were missing and others were in obviously used condition. He was quite distraught at this revelation, and he left the fence at home, returned to Petsmart, and demanded an explanation of the situation.

Plaintiff purchased an identical dog fence and asked the store manager to unpack the contents of the box in front of him to verify that it was in a new and unused condition.

After plaintiff told the manager about the first fence he purchased, the store offered him a full refund on the purchase price if he returned that fence to the store. He declined to accept the offer and decided to keep the fence for "evidentiary purposes."

Plaintiff took the second new fence home and compared the contents of that box with the contents of the first box he purchased. After comparing the two boxes, he discovered the box with the first fence contained white flags, which were loose within the box, there was no replacement light bulb, the video instructions were not shrink-wrapped, the batteries had been removed and then replaced in the packaging, the dog collar had been cut in order to shorten the length, the long prongs were missing, many of the flags were slightly rusted, and the seal on the inside of the box containing parts and accessories for the fence was broken. This confirmed plaintiff's belief that what he had thought was a new fence when he purchased it was, indeed, a used fence which had been purchased before and returned.

Plaintiff sued defendant, alleging consumer fraud, per se fraud, unfair and deceptive trade practices, breach of contract, and constructive fraud. The original petition requested damages in excess of $75,000.

Defendant successfully removed the case to federal district court. Plaintiff responded by filing a motion for voluntary dismissal because his attorney erroneously stated that the amount of damages sought by the plaintiff in his petition was in excess of $75,000 when it should have stated that damages did not exceed $75,000. The federal district judge allowed for the dismissal of the petition without prejudice and ordered plaintiff to pay defendant's attorney fees for the removal of the case to federal court.

In October 2001, plaintiff filed an almost identical petition in Johnson County District Court, except this time the damages were described as not exceeding $74,000. Plaintiff moved twice to amend his petition to include punitive damages, but his motions were denied by the trial court. Prior to trial, defendant made an offer of judgment to plaintiff for $500, which he refused.

Ultimately, both parties filed motions for summary judgment. The trial court granted plaintiff's motion for summary judgment on the breach of contract issue and ruled in favor of defendant on all remaining issues. The trial court assessed $888.65 in costs against plaintiff because the offer of judgment was more than the $325.39 he recovered for the breach of contract claim.

Plaintiff appealed the trial court's ruling on the motion for summary judgment, which was adverse to him, and a separate notice of appeal for the assessment of costs against him. The appeals were later consolidated.

## PUNITIVE DAMAGES

First, plaintiff insists the trial court abused its discretion when it refused to allow him to amend his petition to include punitive damages.

The standard of review in a case wherein a trial court denies a motion to amend a petition to include a prayer for punitive damages is abuse of discretion. *Fusaro v. First Family Mtg. Corp.*, 257 Kan. 794, 897 P.2d 123 (1995).

In *Fusaro*, our Supreme Court reviewed the procedure used by the trial court in determining whether a request to amend to include a punitive damage claim should be allowed:

"Neither the trial court, in the first instance, nor an appellate court when reviewing the trial court's determination under K.S.A. 60-3703, may ignore the fact that the burden of the plaintiff in a claim for punitive damages at trial is proof by clear and convincing evidence. The initial question for the trial court when considering all the evidence is whether 'plaintiff has established that there is a probability [considering that the burden on plaintiff is proof by clear and convincing evidence] that the plaintiff will prevail on the claim pursuant to K.S.A. 60-209, and amendments thereto.' K.S.A. 60-3703.

"In making the threshold determination, the trial court is not to usurp the role of the jury. Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts remain jury functions. The trial court is to consider the evidence presented in the opposing affidavits as well as other evidence in a light most favorable to the party moving for the amendment, and if the evidence is of sufficient caliber and quality to allow a rational factfinder to find that the defendant acted towards the plaintiff with willful conduct, wanton conduct, fraud, or malice, the trial court shall allow the amendment. This is another way of saying that amendment will be allowed when plaintiff has established that there is a probability that plaintiff will prevail on a punitive claim pursuant to K.S.A. 60-209, and amendments thereto." 257 Kan. at 801-02.

In an attempt to buttress his claim for punitive damages, plaintiff introduced certain evidence which indicated defendant had restocked and sold "used" electric fences in the past. The trial court granted summary judgment to plaintiff on his breach of contract

claim and summary judgment in favor of defendant for all remaining claims. It then denied plaintiff's motion for punitive damages as moot.

Plaintiff argues the trial court did not look for wanton conduct on the part of defendant. He argues that in denying his renewed motion for punitive damages, the trial court did not comment on the issue other than to rule that the issue was moot once it granted summary judgment in favor of defendant on all but the breach of contract claim.

The trial court did not view the evidence as showing anything other than that defendant had committed an innocent mistake in allowing a box which should have been returned to the manufacturer to be restocked on the shelves. The trial court's reasoning was as follows:

> "[Kiley] went back and got exactly what he was supposed to get, which was a brand-new Instant Fence. There was no evidence here that the store, Petsmart, tried to make this electric fence look new, and in fact, the contrary—really, the contrary evidence is that they did nothing to try to hide the fact that it was used. There was a cut collar and rust on the prongs. They were not trying to cheat their customer. They are not trying to hide something from their customer. Somebody simply made a mistake by putting that box back up on the shelf."

Plaintiff also argues he had proven beyond a reasonable doubt that defendant had a pattern of selling second-hand fences as new to its customers. He then extrapolates this fact as supporting his argument for punitive damages.

We have carefully read the record and considered the arguments of both parties, and we do not believe the evidence submitted by plaintiff rose to the level of clear and convincing evidence, nor do we hold the trial court abused its discretion in refusing to allow the amendment of the pleadings.

## SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

Plaintiff now argues the trial court committed error when it granted summary judgment to defendant on all claims with the exception of the breach of contract claim. We believe the rule on summary judgment is very well known and see no need to repeat it in this opinion. One rather intractable feature of the summary

judgment rule is summary judgment cannot be granted where the evidence establishes a dispute as to a material fact.

## KCPA CLAIMS

Plaintiff maintains that defendant violated the provisions of K.S.A. 2002 Supp. 50-626(b). This is part of the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 *et seq.*, and it prohibits suppliers from engaging in deceptive acts or practices concerning consumer transactions. K.S.A. 2002 Supp. 50-626 reads in pertinent part as follows:

> "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.
>
> "(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:
>
> (1) Representations made *knowingly or with reason to know that*:
> . . . .
> (C) property is original or new, if such property has been deteriorated, altered, reconditioned, repossessed or is second-hand or otherwise used to an extent that is materially different from the representation." (Emphasis added.)

As we read the statute, if there is a material question in fact as to whether defendant knew or had reason to know that the fence being sold as original or new had in fact been sold, was second-hand, or had been deteriorated or altered to a certain extent then it is a violation of the KCPA.

Plaintiff indicates that had he known the fence was not new, he would not have purchased it. The evidence also indicates that plaintiff believes he had every right to walk into a reputable establishment such as Petsmart, buy a dog fence off of its shelf, and be assured that dog fence was, in fact, new.

The parties to this action and their transaction all fall under the KCPA. The question is whether the trial court erred in granting summary judgment on the KCPA-related claims.

The issue of whether a supplier has engaged in a deceptive act in violation of 50-626 is a question of fact ordinarily to be submitted to a jury. *Queen v. Lynch Jewelers, L.L.C*, 30 Kan. App. 2d 1026, 1038, 55 P.3d 914 (2002).

Our review of the evidence convinces us there is a material question of fact as to whether defendant knew or had reason to know the property was not new and was in a deteriorated, altered, or second-hand condition. If in fact it can be found that defendant knew or had reason to know that fact, then it has violated the KCPA.

We reverse the trial court's grant of summary judgment on plaintiff's claim based on the KCPA and remand the matter for trial on that issue.

In our judgment, a consumer has every right to believe that something he or she purchases from a retailer's shelf, which is packaged and sold as new, is indeed new and unused. We also believe the retailer has a responsibility of knowing what it is selling, including whether the products are new or used. Whether the retailer has honored this responsibility is a material question of fact to be resolved by the trier of fact.

## Per Se Fraud

Plaintiff sought to establish a claim for per se fraud for which defendant was granted summary judgment. We believe the trial court was correct to grant summary judgment on this issue.

## Bad Faith Breach of Contract

Next, plaintiff argues the trial court should have applied the tort of bad faith breach of contract. He cites no Kansas support in favor of this contention, and we find none. We hold the trial court did not err in granting summary judgment to defendant on the issue of bad faith breach of contract.

## Constructive Fraud

Plaintiff finally contends the trial court erred in granting summary judgment on his claim for constructive fraud. Constructive fraud " ' "is a breach of a legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or violate a confidence, and neither actual dishonesty of purpose or intent to deceive is necessary." ' " *Heck v. Archer*, 23 Kan. App. 2d 57, 66, 927 P.2d 495 (1996) (quoting

*Kampschroeder v. Kampschroeder*, 20 Kan. App. 2d 361, 364, 887 P.2d 1152 [1995]). Absent actual fraud, two additional elements are required to demonstrate constructive fraud. First, there must be a confidential relationship; second, that confidence must have been betrayed or a duty imposed by the relationship breached. 23 Kan. App. 2d at 67.

There is no evidence of any confidential relationship between plaintiff and defendant. Without evidence that such a relationship existed, the trial court was correct to grant summary judgment on the constructive fraud issue in favor of defendant, and we affirm that decision.

## COSTS

As noted earlier, defendant made a $500 offer of judgment to plaintiff. Plaintiff refused the offer and was eventually awarded less, the amount of $325.39, after the trial court granted summary judgment in his favor. Because the offer of judgment was for more than plaintiff was awarded by the court, the trial court ordered plaintiff to pay the costs incurred by defendant after that offer was made.

This issue is controlled by K.S.A. 60-2002(b), which states:

"At any time more than 15 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against such party for the money or property or to the effect specified in such party's offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." K.S.A. 60-2002(b)

Plaintiff obtained less by his judgment than he would have in accepting defendant's offer. In those circumstances, the statute makes it clear that the offeree "must" pay the costs incurred after the making of the offer.

We hold as follows: (1) The trial court's decision awarding summary judgment to plaintiff on the breach of contract issue is af-

firmed. (2) The trial court's decision on the KCPA issue is reversed and remanded for trial. (3) The trial court did not err in taxing the costs of the case against plaintiff after he refused an offer of judgment.

Affirmed in part, reversed in part, and remanded.